Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

Central District of California  ▼

FILED
CLERK, U.S. DISTRICT COURT

FEB 2 6 2026

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

Eastern Division

LayCee Sprouse, Alan David Cadena

EDCV26-00937-SPG(ADS)

Case No. _____

*(to be filled in by the Clerk's Office)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

County of Riverside, Riverside DPSS, Chia Lin, Zoraida
Murillo, Celeste Cervantes, Melissa Castaneda, Sandra
Vargas, Aida Justiz-Skipper, Carol Perez, Paresh Makan,
Griselda Jimenes, Suzanne Barbosa

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.  Do not include addresses here.)*

Jury Trial:  *(check one)*  ☑ Yes   ☐ No

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
UNDER 42 U.S.C. §1983

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | LayCee Sprouse and Alan David Cadena |
| Address | 11034 Bushnell Ave |
| | Riverside                    Ca                    92505 |
| | *City*                       *State*               *Zip Code* |
| County | Riverside |
| Telephone Number | 951-335-0883      951-444-0107 |
| E-Mail Address | sprouselaycee@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | County of Riverside |
| Job or Title *(if known)* | Government Entity |
| Street Address | 4080 Lemon St. first floor |
| City and County | Riverside, County of Riverside |
| State and Zip Code | Ca 92501 |
| Telephone Number | 951-955-1000 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Riverside department of public social services(childrens divsion) |
| Job or Title *(if known)* | Government Entity |
| Street Address | 10281 Kidd St. |
| City and County | Riverside, County of Riverside |
| State and Zip Code | Ca, 92503 |
| Telephone Number | 951-358-6560 |
| E-mail Address *(if known)* | |

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | Chia Lin |
| Job or Title *(if known)* | Social services practitioner |
| Street Address | 11070 Magnolia Ave |
| City and County | Riverside, County of Riverside |
| State and Zip Code | Ca 92505 |
| Telephone Number | 951-556-2044 |
| E-mail Address *(if known)* | Cclin@rivco.org |

(Individual capacity)

Defendant No. 4

| | |
|---|---|
| Name | Zoraida Murillo |
| Job or Title *(if known)* | Social services supervisor |
| Street Address | 11070 Magnolia Ave |
| City and County | Riverside, County of Riverside |
| State and Zip Code | Ca 92505 |
| Telephone Number | 951-840-8872 |
| E-mail Address *(if known)* | |

(individual capacity)

Defendant No. 5

| | |
|---|---|
| Name | Celesre Cervantes |
| Job or Title *(if known)* | Social services practitioner |
| Street Address | 23991 Cottonwood Ave Bldg. B |
| City and County | Moreno Valley, County of Riverside |
| State and Zip Code | Ca 92553 |
| Telephone Number | 951-358-1582 |
| E-mail Address *(if known)* | CCervantes@rivco.org |

(Individual capacity)

Defendant No. 6

| | |
|---|---|
| Name | Melissa Castaneda |
| Job or Title *(if known)* | Social services supervisor |
| Street Address | 23991 Cottonwood Ave. Bldg B |
| City and County | Moreno Valley, County of Riverside |
| State and Zip Code | Ca 92553 |
| Telephone Number | |
| E-mail Address *(if known)* | |

(Individual capacity)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 7

| | |
|---|---|
| Name | Sandra Vargas |
| Job or Title (if known) | Social services practitioner |
| Street Address | 23991 Cottonwood Ave. Bldg B |
| City and County | Moreno Valley, County of Riverside |
| State and Zip Code | Ca. 92553 |
| Telephone Number | |
| E-mail Address (if known) | |

(Individual capacity)

Defendant No. 8

| | |
|---|---|
| Name | Aida Justiz-Skipper |
| Job or Title (if known) | Social services practitioner |
| Street Address | 10281 Kidd St. |
| City and County | Riverside, County of Riverside |
| State and Zip Code | Ca, 92503 |
| Telephone Number | 951-358-6560 |
| E-mail Address (if known) | |

(Individual capacity)

Defendant No. 9

| | |
|---|---|
| Name | Paresh Makan |
| Job or Title (if known) | Deputy County Councel |
| Street Address | 9991 County Farm Rd. Suite 113 |
| City and County | Riverside, County of Riverside |
| State and Zip Code | Ca.92503 |
| Telephone Number | 909-358-4125 |
| E-mail Address (if known) | PMakan@rivco.org |

(Individual capacity)

Defendant No. 10

| | |
|---|---|
| Name | Carolina Perez |
| Job or Title (if known) | Attorney at law/ public defense panel |
| Street Address | 9991A. County Farm Rd. |
| City and County | Riverside, County of Riverside |
| State and Zip Code | Ca, 92503 |
| Telephone Number | 951-523-0633 |
| E-mail Address (if known) | Carolperezlaw@gmail.com |

(Individual capacity)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

### Defendant No. 11

| | |
|---|---|
| Name | Griselda Jimenez |
| Job or Title *(if known)* | Asst Principal at La Granada Elementary School |
| Street Address | 10346 Keller Ave. |
| City and County | Riverside, County of Riverside |
| State and Zip Code | Ca 92505 |
| Telephone Number | 951-358-1516 |
| E-mail Address *(if known)* | griselda.jimenez@alvordschools.org |

### Defendant No. 12

| | |
|---|---|
| Name | Suzanne Barbosa |
| Job or Title *(if known)* | CEO at PacTox Lab |
| Street Address | 9348 De Soto Ave. |
| City and County | Chatsworth, County of Los Angeles |
| State and Zip Code | Ca 91311 |
| Telephone Number | 818-598-3110 |
| E-mail Address *(if known)* | info@pactox.com |

[✔] Individual capacity    [ ] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✔] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
-Fourth Amendment: Right to be free from unreasonable seizers.(warrantless school removal and unlawful detention)
-Fourteenth Amendment: Right to substantive and procedural due process. (Right to familial association, judicial deception, lack of providing evidence before hearing)
-First Amendment: Right to free speech and petition, Right to intimate association (retalitory TRO)

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to **California Code of Civil Procedure § 410.10**.

2. Venue is proper  under **CCP § 394** and **§ 395**, as the Defendants reside in this county, the Riverside County DPSS offices are located here, and the illegal acts—including the warrantless seizure at **La Granada Elementary** and the submission of the fraudulent **"Sprouse"** report—occurred within this county.

---

## II. CAUSES OF ACTION

**FIRST CAUSE OF ACTION**

**Violation of Civil Rights – 42 U.S.C. § 1983 / Judicial Deception**

*(Against Defendants Cervantes, Justiz-Skipper, and Castaneda, Makan)*

3. Defendants violated Plaintiffs' **14th Amendment** right to familial association by knowingly and/or with reckless disregard for the truth submitting a laboratory report belonging to a third party ("**Sprouse, Alan**") to justify the emergency detention of four minor children.

4. Per Hardwick v. Vreeken (9th Cir. 2017), social workers who use fabricated evidence to remove children from their parents lose any claim to qualified immunity.

CV-126 (09/09)

## SECOND CAUSE OF ACTION

## Unreasonable Seizure of Children – 4th Amendment

*(Against Defendants Vargas and Jimenez)*

5. On August 26, 2025, Defendant Vargas seized minors O.C., L.C., and M.C. from school without a warrant, parental consent, or exigent circumstances.

6. Per Kirkpatrick v. County of Washoe (9th Cir. 2016), this warrantless removal is a per se violation of the **4th Amendment** as no "imminent danger of serious bodily injury" existed.

## THIRD CAUSE OF ACTION

## Fraud and Forgery of Court Documents

*(Against Defendants Lin, Murillo, Cervantes, and Does 1-10)*

7. On January 5, 2026, Defendants issued fraudulent "fake" court documents to maintain custody.

8. This constitutes a violation of **California Penal Code § 134** and **Government Code § 815.6**, as the Riverside Superior Court confirmed on January 9, 2026, that these documents were not issued by the Judge.

## FOURTH CAUSE OF ACTION

## Monell Liability – Custom or Policy of Fraud

*(Against Riverside County / DPSS)*

CV-126 (09/09)

9. The repeated use of fraudulent lab reports, coerced verbal safety plans, and "fake" court orders indicates a **custom, policy, or practice** of constitutional violations within Riverside County

**FIFTH CAUSE OF ACTION**

**Federal Funding Abuse**

(*Against Defendants Cervantes, Lin, Perez, Makan, Riverside County/ DPSS*)

10. **Violation of Title IV-E (42 U.S.C. § 671) "Reasonable Efforts"** requirements for the purpose of maintaining federal foster care maintenance funds.

11. **Violation of Title VI** (Race/National Origin) and **Section 504 of the Rehabilitation Act** (Disability/Mental Health) for blocking medical benefits.

12. **WIC § 306.5** (Sibling Placement), and **WIC § 361.3** (Relative Placement).

13. **Fraudulent Misrepresentation**: Intentional filing of false statements in a court report on 11-06-25.

14. **Unlawful Removal and Separation** (WIC § 306, 306.5, 317(e))

(*Against Defendant Perez*)

On or about [August 26, 2025], Riverside DPSS removed my four children from their school. This removal was conducted without a judicial warrant and in the absence of exigent circumstances (imminent danger), as a family safety plan was already available.nFurthermore, despite the availability of an approved and willing relative placement, DPSS split the four siblings into three separate

locations (one with family, two in one foster home, and one in another), in direct violation of **WIC § 306.5 and 42 U.S.C. § 671(a)(31).**

15**. Obstruction of Court-Ordered Services** (Section 504 & ADA)

(*Against Defendants Cervantes and Lin* )

On August 29, 2025, the Juvenile Dependency Court ordered a mental health evaluation to facilitate reunification. However, from September 1, 2025, through November 1, 2025, Riverside DPSS placed an unauthorized hold on my Medi-Cal benefits. This act created an insurmountable barrier, rendering me unable to access the court-ordered evaluation. This constitutes a discriminatory denial of services under Section **504 of the Rehabilitation Act and the ADA.**

16**. Fraudulent Reporting and Funding Abuse** (Title IV-E & 18 U.S.C. § 1595)

(*Against Defendants Makan and Perez)*

At the court hearing on November 6, 2025, the Department reported that I "had not attempted to resolve" my mental health issues. This statement was a bad-faith misrepresentation, as the Department was fully aware they had blocked the very insurance needed for such attempts. I believe this obstruction was intentional to maintain the children's "detained" status, allowing the agency and its contractors to knowingly benefit from Title IV-E federal maintenance funds **(as per 18 U.S.C. § 1595).** By falsely claiming "Reasonable Efforts" were made **(42 U.S.C. § 671)** while actively sabotaging my compliance, the agency is engaging in fiscal **misconduct and civil rights violations.**

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens,* explain how each defendant acted under color of federal law. Attach additional pages if needed.

All Defendants listed herein at all relevent times acting under color of state law in their offical capactites as employees or agents of the County of Riverside or local public entities. Their actions were under the authority of the California Welfare and Institutions Code and California Educations Code.

*Please see attached form [MC-020]

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

The family home 11034 Bushnell Ave and the temporary placement 5067 Bushnell Ave., Rivewrside, Ca.
La Granada Elemenarty school where O.C., L.C., and M.C. were seized.
The Riverside Departmrnt of children services at 11070 Magnolia Ave., Riverside, Ca.
The Riverside Superior Court department J3 at 9991 County Farm Rd. Riverside, Ca.

B.   What date and approximate time did the events giving rise to your claim(s) occur?

The events constitute a continous course of conduct begining on August 19, 2025 through February 05, 2026.

*Please see attached statement of facts for [A/B/C]*

C.   What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

*Please see attached statement of facts for [A/B/C] for detailed time line.*

Name: LayCee Sprouse and Alan David Cadena

Address: 11034 Bushnell Ave

Riverside Ca 92505

Phone: 951-335-0883    951-444-0107

Fax: _____

In Pro Per

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LayCee Sprouse, Alan David Cadena<br><br>Plaintiff<br><br>v.<br>County of Riverside, Riverside DPSS, Chia Lin, Zoraida Murllo, Celeste Cervantes, Melissa Castaneda, Sandra Vargas, Adia Justiz-Skipper, Carol Perez, Paresh Makan, Griselda Jimenez, Suzanne Barbosa<br>Defendant(s). | CASE NUMBER:<br><br>_____<br><br>To be supplied by the Clerk of<br>The United States District Court<br><br>**COMPLAINT FOR VIOLATION OF CIVIL**<br><br>**RIGHTS UNDER 42 U.S.C. § 1983** |

## TABLE OF AUTHORITIES

**I. CONSTITUTIONAL PROVISIONS**

United States Constitution, Fourth Amendment

United States Constitution, Fourteenth Amendment

United States Constitution, First Amendment

CV-126 (09/09)

**FEDERAL CASES**

- *Demaree v. Pederson* (9th Cir. 2018) 887 F.3d 924

- *Greene v. Camreta* (9th Cir. 2009) 588 F.3d 1011

- *Hardwick v. Vreeken* (9th Cir. 2017) 844 F.3d 1112

- *Kirkpatrick v. County of Washoe* (9th Cir. 2016) 843 F.3d 784

- *Monell v. Dept. of Soc. Servs.* (1978) 436 U.S. 658

## II. STATE CASES

- *In re Mary G.* (2007) 151 Cal.App.4th 184

## IV. FEDERAL STATUTES

- 42 U.S.C. § 1983 (Civil Action for Deprivation of Rights)

- 42 U.S.C. § 1985 (Civil Action for Conspiracy to Interfere with Rights)

- 18 U.S.C. § 1595 (Civil Remedy)

- 42 U.S.C. § 2000d (Title VI of the Civil Rights Act) Prohibits discrimination by agencies receiving federal funds (like Title IV-E).

- 42 U.S.C. § 671(a)(15) (Title IV-E Social Security Act) Mandates "Reasonable Efforts" to prevent removal as a condition for federal funding.

- 42 U.S.C. § 671(a)(31) (Sibling Placement Mandate) Requires agencies to make reasonable efforts to place siblings together.

CV-126 (09/09)                                                              Page 2

- 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act)  Prohibits federal fund recipients from discriminating based on disability (including mental health).

- 42 U.S.C. § 12132 (Americans with Disabilities Act (ADA)) Requires public entities to provide reasonable modifications to ensure access to services

## V. Judicial Precedents (Case Law)

*In re Ashley F.* Rules that the agency must actually provide and facilitate services, not just claim they are "unavailable," to satisfy the law.

*Demaree v. Pederson* Establishes that social workers can be held personally liable for removing children from school without "exigent circumstances."

*Kirkpatrick v. Washoe* confirms that removing a child without a warrant is a violation of constitutional rights if there is no immediate emergency.

## VI. Federal Regulations (CFR)

45 CFR §1356.21 Reasonable Efforts Finding: Establishes the 60-day deadline for courts to find that "reasonable efforts" were made to prevent removal for Title IV-E eligibility.

Page 3

45 CFR § 80.3 Discriminatory Practices: Prohibits federal fund recipients from utilizing criteria or methods that have the effect of defeating or substantially impairing accomplishment of the objectives of the program.

## VII. STATE STATUTES

- California Government Code § 815.6 (Mandatory Duty)
- California Penal Code § 134 (Preparing False Evidence)
- California Welfare & Institutions Code § 305-306 (warrantless removal) Outlaws removing children without a warrant or evidence of "danger or risk of harm"
- California Welfare & Institutions Code § 306.5 (Sibling Unity)
- California Welfare & Institutions Code § 361.3 (relative Preference)
- California Welfare & Institutions Code § 361(e) (Reasonable Efforts) Requires the court to verify the agency made good-faith efforts to provide services before removal
- California Welfare & Institutions Code §16002 (Legislative Intent) Establishes the state's intent to maintain family units and preserve sibling

CV-126 (09/09)

page 4

**In re: LayCee Sprouse and Alan David Cadena**       Case no._____

**Attachment to Statement of Claim – Statement of Facts". [A/B/C]**

Plaintiffs incorporate the following facts

1. **August 19, 2025:** Around 4:30 p.m. while at the home of the Plaintiffs 11034 Bushnell Ave. Defendant **Celeste Cervantes** (SSP) and Melissa Martinez (SSP) conducted a "verbal" safety plan for the minor children to stay with a family member at 5067 Bushnell Ave. No written agreement was provided for the parents to sign.

2. **August 23, 2025:** After power was restored to the family home, Defendant **Cervantes** refused to return the children, stating she was "waiting for urine results" and instructed the caregiver to call the police if the parents attempted to pick up their children.

3. **August 25, 2025:** Defendant **Cervantes** knowingly submitted a laboratory report belonging to a third party ("**Sprouse, Alan**") as evidence against the Father to justify the emergency detention of four minor children.

4. **August 26, 2025:** At 12:37 p.m. Defendant **Sandra Vargas** (SSP) removed minors **O.C., L.C., and M.C.** from **La Granada Elementary** without a warrant or exigent circumstances. Assistant Principal Defendant **Griselda Jimenez** released the minors without notifying the parents.

5. **August 26, 2025:** At around 12:40 p.m. Defendant **Cervantes** coerced the surrender of infant **B.C.** by threatening a maternal aunt with "obstruction" charges if the child was not delivered within one hour.

6. **August 27,2025:** Plaintiffs requested a copy of the fathers (Cadena, Alan) lab report from Defendant **Melissa Castaneda** (SSS). Castaneda informed

CV-126 (09/09)

**In re: LayCee Sprouse and Alan David Cadena          Case no._____
Attachment to Statement of Claim – Statement of Facts". [A/B/C]**

the parents would receive a copy in the report at the detention hearing on August 29, 2025.

7. **August 28, 2025:** Defendant **Aida Justiz-Skipper** (SSP) authored a petition for jurisdiction containing false allegations.

8. **August 30, 2025:** Defendant **Melissa Castaneda** (SSS) was informed of the fraudulent "Sprouse, Alan" lab report but refused to allow a re-test, showing deliberate indifference.

9. **October 18, 2025:** Defendant **Suzanne Barbosa** (CEO of Pactox) was notified of the broken chain of custody and the department's reliance on the fraudulent report but failed to correct the record.

10. **January 5, 2026:** DPSS issued **"fake" documents** via mail to the home of the Plaintiffs, (11034 Bushnell Ave) for temporary custody.

11. **January 9, 2026:** The Riverside Superior Court confirmed these documents were fraudulent and not issued by the Judge.

12. **January 9, 2026:** Around 10a.m. The attorney for the minors Defendant **Carol Perez** was informed by Theresa Patrick (caregiver for child O.C.) the emotional distress the continued detention is causing the minor children. Perez responded, she would speak to the minors and look into the foster home of a caregiver for the children (L.C. and M.C.), Defendant **Parez** has not followed up.

CV-126 (09/09)

**In re: LayCee Sprouse and Alan David Cadena**          **Case no._____**
**Attachment to Statement of Claim – Statement of Facts". [A/B/C]**

13. **January 9, 2026:** At the Magnolia office around 4p.m. Defendant **Zoraida Murillo** (SSS) instructed a witness, (caregiver for child O.C.), maternal great aunt Theresa Patrick, not to attend the February 5, 2026, hearing to suppress testimony regarding the children's emotional distress.

14. **January 14 and 16, 2026:** Defendants **Chia Lin** (SSP) and **Murillo** (SSS) gave the parents **contradicting orders** (the department authorizes the father to go to the home of caregiver Theresa, to help fix the shed roof). In conflict with the strict court order from Hon. Walter H. Kubelun at the Jan.9th hearing, (do not attempt to pick up the children, and do not go to any caregivers home, if the father violates the order, a TRO would be granted)

15. **February 5, 2026:** Defendants **Paresh Makan** and **Carol Perez** moved for a **Retaliatory TRO** against the parents to silence minor child O.C. after she signed a declaration stating she and her siblings wanted to return home.

---

CV-126 (09/09)

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

As a direct and proximate result of this retaliation TRO, the minors and their parents the Plaintiffs have suffered extream emotional distress. Further interferance with their right of familial association and a deprivation of their First Amendment librities.

• **Extreme Emotional Distress:** "The Plaintiffs, including four minor children, have suffered severe psychological trauma, anxiety, and emotional distress due to prolonged separation based on fraudulent evidence and retaliatory legal actions."

• **Constitutional Deprivations:** "Total deprivation of the First Amendment right to free speech and petition, and the Fourteenth Amendment right to familial association."

• **Economic Loss:** "Plaintiffs have suffered financial harm including, but not limited to, lost wages, legal fees, and costs associated with attempting to regain custody of the minor children."

• **Medical Treatment:** State if any family members have sought counseling or medical care due to the stress of these events. If not, state: "Plaintiffs require future therapeutic treatment to address the trauma caused by the Defendants' actions."

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims

**WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants Chia Lin, Celeste Cervantes, Paresh Makan, Carolina Perez, and Riverside DPSS, granting the following relief:**

**1. Injunctive & Declaratory Relief**
**Immediate Reunification:** An order requiring the **immediate return** of the minor children **O.C., L.C., M.C., and B.C.** to their parents' custody.
**Restoration of Benefits:** A permanent injunction prohibiting Defendants from placing **administrative holds** on Plaintiff's Medi-Cal or other essential benefits during the pendency of court-ordered services.

**2. Compensatory Damages**
**Economic Damages:** Compensation for the **loss of medical benefits** and the cost of any out-of-pocket expenses incurred due to the **9/1/25–11/1/25 Medi-Cal hold.**
**General Damages:** Compensation for the **severe emotional distress**, trauma, and "**loss of familial association**" caused to the Plaintiff and the four children by their prolonged and unnecessary separation in foster care. ]

**3. Statutory & Punitive Damages**
**Trafficking Remedies (18 U.S.C. § 1595):** Statutory and punitive damages against Defendants for **knowingly benefiting financially** from the "venture" of detaining children in foster care for **Title IV-E maintenance funds** while obstructing reunification.
**California Bane Act:** Statutory damages under the **California Bane Act** for interference with constitutional rights by threat, intimidation, or coercion.
**Punitive Damages:** To be determined at trial, for the "**evil motive**" and "**reckless indifference**" shown by Defendants Makan and Perez in knowingly misrepresenting facts to the Juvenile Court.

**4. Other Relief**
Such other and further relief as the Court deems just and proper.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____ 02-24-2026 _____

Signature of Plaintiff

Printed Name of Plaintiff    _Laylee Sprouse_    _Alan David Cadena_

### B.    For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

_____
City               State          Zip Code

Telephone Number _____

E-mail Address _____

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: __February 24, 2026__ at Riverside, California.

_____ (Plaintiff Signature)Mother

LayCee Sprouse

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: __February 24, 2026__ at Riverside, California.

_____ (Plaintiff Signature)Father

Alan David Cadena